**SO ORDERED: August 04, 2005.**



_____
**Basil H. Lorch III
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| Dedrick L. Womble and | ) | CASE NO. 04-12905-BHL-7A |
| Kathryn L. Womble, | ) | |
|     Debtors. | ) | |
| _____ | ) | |
| Joseph W. Hammes, Trustee, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | ADV. NO. 04-0726 |
| | ) | |
| Forum Credit Union, | ) | |
|     Defendant. | ) | |

JUDGMENT

This matter was initiated by the filing of a **Complaint to Avoid and Recover a Preferential Transfer** on December 29, 2004. The parties filed a Joint Pre-Trial Statement on or about March 8, 2005, and the Court conducted a pretrial conference on March 10, 2005, at which time the parties advised the Court that the matter would be submitted for determination on the basis of stipulated facts and supporting briefs. The **Trustee's Brief** was subsequently filed on March 30, 2005. The **Defendant Forum Credit Union's Brief in Support of Judgment** was filed on April

13, 2005, and the **Trustee's Reply Brief** was filed on or about April 25, 2005. The **Trustee's Submission of Additional Authority** was filed on July 6, 2005.

The Court, having considered the pleadings of record and being otherwise fully and sufficiently advised, finds that the undisputed facts and applicable law support a judgment in favor of the Plaintiff, as set forth hereinbelow. The lien of Forum Credit Union is hereby avoided. Forum is hereby ordered to turnover title to the Motor Vehicle to the Trustee. Inasmuch as the post-petition contract payments made to Forum by the Debtor are not property of the estate, the Court denies the Plaintiff's prayer for turnover of such monies.

## MEMORANDUM

The parties seek a determination on the Plaintiff's Complaint to Avoid and Recover a Preferential Transfer based upon the following undisputed and stipulated facts as set forth in the Joint Pre-Trial Statement:

1. On April 21, 2004, Dedrick L. Womble and Kathryn L. Womble, the debtors herein ["Debtors"], executed and delivered to Paul Goeke, Inc. a Retail Installment Contract and Security Agreement ["Contract"] to finance the purchase of a used 2003 Dodge Caravan, Vehicle Identification Number 2D4GP44L03R134672 [the "Motor Vehicle"].

2. The Contract was assigned for value to Forum Credit Union ["Forum"] on April 21, 2004.

3. Debtors took possession of the Motor Vehicle on April 21, 2004.

4. Pursuant to the terms of the Contract, Forum is the holder of a security interest in the Motor Vehicle.

5. An Application for Certificate of Title for the Motor Vehicle ["Application"] was first

delivered to the State of Indiana, Bureau of Motor Vehicles ["BMV"] on May 21, 2004, on which Application Forum was identified as holding a lien on the Motor Vehicle.

6. The Application was first submitted to the BMV more than twenty (20) days after the date that Debtors purchased and took delivery of the Motor Vehicle.

7. Forum's lien was placed upon the Indiana Certificate of Title ["Title"] to the Motor Vehicle which was issued on June 11, 2004.

8. Debtors were insolvent at the time of the Transfer.

9. Forum was a creditor of the Debtors on the date of the Transfer.

10. Debtors filed their Voluntary Bankruptcy Petition under Chapter 7 of the Bankruptcy Code on July 16, 2004.

11. The Transfer was made during the ninety (90) days before July 16, 2004.

12. On August 26, 2004, the Trustee made demand upon Forum for turnover of clear Title to the Motor Vehicle, i.e., with Forum's lien shown as "released".

13. Forum has refused to (a) remove its lien from the Motor Vehicle, (b) turn over clear Title to the Trustee, and ©) contends that it has a valid perfected security interest in the Motor Vehicle pursuant to IC § 26-1-9.1-309(1).

14. Forum has received and accepted $449.25 monthly contract payments from the Debtors since June, 2004.

15. Forum financed Debtors' purchase of the Motor Vehicle. The Debtors incurred the obligation represented by the Contract as all or part of the price of the Motor Vehicle. The Debtors and Forum intended that the Motor Vehicle would be pledged as collateral to secure the purchase price. Forum gave new value by way of money and new credit to enable the Debtors to acquire

3

rights in the Motor Vehicle and the value was so used.

16.     The Motor Vehicle is a consumer good; Debtors purchased the vehicle for their personal, family and household use.

17.     Forum is a creditor in this proceedings, and the unpaid balance of the Contract debt is approximately $18,650.00.

Discussion

The Trustee has brought this avoidance action pursuant to section 547(b) of the Code, which provides in pertinent part:

> Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property
>     (1) to or for the benefit of a creditor;
>     (2) for or on account of an antecedent debt owed by the debtor before
>     such transfer was made;
>     (3) made while the debtor is insolvent;
>     (4) made
>         (A) on or within 90 days before the date of the filing
>         of the petition; or
>         (B) between 90 days and one year before the date of
>         filing of the petition, if such creditor at the time of
>         such transfer was an insider; and
>     (5) that enables such creditor to receive more than such creditor
>     would receive if
>         (A) the case were a case under chapter 7 of this title;
>         (B) the transfer had not been made; and
>         (C) such creditor received payment of such debt to the
>         extent provided by the provisions of this title.

The Trustee argues that Forum acquired an interest in the Motor Vehicle on May 21, 2004, which security interest constitutes a "transfer" of property for purposes of the foregoing section, subject to avoidance. Forum, on the other hand, asserts that it acquired a security interest on the date of purchase, or April 21, 2004.

Our sister court has recently had the opportunity to address this same issue is *Petr v. Forum Credit Union (In re Staton)*, Adversary Proceeding No. 04-662, Case No. 04-15755-AJM-7A (May 24, 2005). In that case, with substantially identical facts, Judge Metz found that the creditor's security interest did not "automatically perfect" but, rather, attached on the date the debtors submitted an Application for Certificate of Title to the Indiana Bureau of Motor Vehicles. That court went on to reject Forum's "contemporaneous exchange for new value" defense under 547(c)(1) as well as the "enabling loan" defense under 547(c)(3).

This Court adopts the reasoning set forth by Judge Metz in the foregoing decision, and finds in favor of the Trustee on his Complaint for Turnover. Forum's lien is, hereby, avoided as a preference and Forum is ordered to turnover clear title to the Motor Vehicle to the Trustee. The only remaining issue is whether the Trustee is entitled to the post-petition contract payments received from the Debtors since the Order for Relief in this case.

While the avoidance of a transfer is subject to section 547 of the Bankruptcy Code, section 550 governs the recovery permitted by the trustee. Section 550(a) authorizes the trustee to recover the property transferred or the value of the property transferred. Section 551, likewise, provides that any avoided transfer is automatically preserved for the benefit of the estate. It has been held, however, that section 551 preserves only "transfers" and "liens" and not related rights held by the party whose lien has been avoided, such as the right to payment on the debt.

Forum cites *In re Rubia*, 257 B.R. 324 (10th Cir. BAP 2001) for the proposition that the post-petition payments are not recoverable by the Trustee. The trustee, in that case, avoided a lien which was not perfected pre-petition. The debtor retained the vehicle and made post-petition payments to the creditor. The Court observed that the lien was properly avoided but that such

5

avoidance did not give the trustee the right to collect payments the debtor made to the creditor post-petition. The Court noted that the avoidance of the creditor's lien only meant that the creditor could no longer look to the collateral to satisfy the debt and that "[b]y avoiding and preserving the lien, the trustee simply steps into the [secured creditor's] shoes and succeeds to the [creditor's] rights *with regard to the lien.*" *Id.* at 327 (citing *C & C Co. v. Seattle First Nat'l Bank (In re Coal-X Ltd. "76")*, 103 B.R. 276, 280 & n. 6 (D.Utah 1986), *aff'd in relevant part and rev'd in part*, 881 F.2d 865, 866 (10th Cir. 1989)).

In another case, *In re Smith*, 236 B.R. 91 (Bankr.M.D.Ga. 1999), the court observed that the goal in awarding a recovery under section 550 is to return to the estate only what it lost as a result of the transfer. In refusing to order the turnover of post-petition payments, the court reasoned that such payments were made with the debtor's post-petition income, which was not estate property, and thus the estate suffered no loss as a consequence of those payments. *Id.* at 100-101.

This Court finds, in accordance with the foregoing logic, that the Trustee is not entitled to recover the post-petition payments made by Debtor to Forum. Like the Court in *Rubia*, this Court finds that this is not a question of "proceeds" under section 541(a)(6). Rather, it is simply a matter of statutory interpretation, and based upon the language set forth hereinabove, the Court finds that the "value" of the avoided lien in the hands of the Trustee is simply the value of the lien as of the petition date. The Trustee merely occupies the lien position held by Forum prior to the lien's avoidance. He does not have the right to collect Forum's debt.

# # #

Distribution to:

Debtor
Plaintiff's Counsel
Defendant's Counsel
Bankruptcy Trustee
U.S. Trustee